IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUAR'MARDEN QUAR'NAIN BRAND,
     Plaintiff,

vs.                                  Case No.: 3:10cv415/MCR/EMT

INMATE PHONE SERVICE, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  By order of this court dated October 21, 2010, Plaintiff was given thirty (30) days in which to file an amended complaint (*see* Doc. 4).  Plaintiff was also instructed to pay the filing fee or submit a completed motion to proceed in forma pauperis within that time (*id.*).  The court subsequently extended the deadline for compliance to December 22, 2010 (*see* Docs. 10, 11).  Plaintiff failed to file an amended complaint or pay the filing fee or submit a completed motion to proceed in forma pauperis; therefore, on December 28, 2010, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 14).  The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to file an amended complaint or pay the filing fee or submit a completed motion to proceed in forma pauperis .

       Accordingly, it is respectfully **RECOMMENDED**:

       That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

       At Pensacola, Florida, this 21st day of January 2011.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).